# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JANEL WILLIAMS,**

      **Plaintiff,**

      v.                    **CASE NO.:**

**UNITED SERVICES AUTOMOBILE ASSOCIATION, a Foreign for Profit Corporation,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JANEL WILLIAMS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION, (hereinafter referred to as "USAA" or "Defendant"), and states the following:

## INTRODUCTION

This is an action for damages and all available relief based on race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from racial discrimination and retaliation and to

1

recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs, and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## JURISDICTION AND VENUE

1. Jurisdiction of this matter arises pursuant to 28 U.S.C. § 1331 with a federal question involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§ 2000e-5(f)(3).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has jurisdiction over Plaintiff's claims because at all times material to this Complaint, Plaintiff worked for Defendant in Orange County, Florida.

4. The illegal conduct occurred within the judicial district in and for this District.

5. Plaintiff timely dual-filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR"), on August 21, 2020.

6. On August 11, 2022, the EEOC issued its right-to-sue letter. Therefore, this Complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## PARTIES

7. Plaintiff is an individual who resides in Tampa, Hillsborough County, Florida.

8. At all times material hereto, Plaintiff worked for Defendant in Tampa, Hillsborough County, Florida.

9. Defendant is a foreign for-profit company, which owns, controls, and operates a business which provides insurance policies in the state of Florida, including the location where Plaintiff was employed.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

11. Plaintiff is an African American individual who suffered discrimination based on her race.

12. Plaintiff is a member of a class of individuals protected by both Title VII and the FCRA.

13. Defendant meets the statutory criteria for coverage as an "employer" under both Title VII and the FCRA.

14. Plaintiff meets the statutory criteria for coverage as an "employee"

under both Title VII and FCRA.

15. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

   a. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC");

   b. The EEOC issued a notice of right to sue; and

   c. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

16. Accordingly, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

## **FACTUAL ALLEGATIONS**

17. Plaintiff began her employment with Defendant on June 26, 2017.

18. Plaintiff initially held the position of Auto Adjuster III.

19. In addition to the duties of investigating, negotiating, and adjusting automobile claims, an Auto Adjuster II handles more complex claims that involve bodily injuries arising out of automobile accidents.

20. Defendant offered Plaintiff an initial salary of $37,370.00.

21. However, during her employment with Defendant, Plaintiff discovered that similarly situated, African American employees received a starting pay rate that was less than non-African American employees.

22. Thereafter, Plaintiff raised these concerns with Defendant but to no avail.

23. As a result of Defendant's inaction, on September 28, 2018, Plaintiff dual filed an EEOC Charge and an FCHR Charge, which alleged unequal pay based on race discrimination.

24. In or around September 30, 2018, Defendant notified Plaintiff that her salary would increase to $39,000.00, beginning in October 2018.

25. Plaintiff received her Notice of Right to Sue on January 27, 2019.

26. In April 2019, Plaintiff was promoted to an Auto Adjuster II position, the next level in the adjuster career path.

27. On or around November 25, 2019, a white male Representative from Defendant's Phoenix, Arizona, office erroneously transferred a call to Plaintiff's desk.

28. When Plaintiff advised the Representative of the erroneous transfer, the Representative became discourteous, which prompted Plaintiff to terminate the call.

29. Thereafter, the Representative posted demeaning remarks about Plaintiff via Defendant's internal employee website.

30. Plaintiff immediately reported the incident to her supervisor and requested to have the postings removed.

31. Plaintiff's supervisor informed her that he could not do anything about the postings.

32. Plaintiff also informed Human Resources (HR) of the incident and the postings made by the Phoenix, Arizona, Representative.

33. The postings made by the Representative remained active on the internal site for other employees to view for approximately a week.

34. Defendant's HR department assured Plaintiff that the incident would be investigated, however, the issue was not formally resolved.

35. Defendant's HR department never followed up with Plaintiff regarding the complaint made against the Phoenix, Arizona Representative.

36. Instead, in or around December 2019, Defendant issued a Performance Improvement Plan (PIP) to Plaintiff.

37. Plaintiff did not have any prior incidents of discipline on her record prior to the interaction with the Arizona Representative.

38. Defendant described a PIP as a non-disciplinary action; a tool used by management to help an employee improve work performance or conduct.

39. However, Defendant issued the PIP because of Plaintiff's involvement with the Phoenix, Arizona, Representative.

40. Shocking, the Phoenix, Arizona, Representative did not receive a similar PIP based on the incident that occurred with Plaintiff.

41. After reviewing the PIP, on January 27, 2020, Plaintiff formally disputed the performance evaluation on the basis that it contained false allegations of performance issues.

42. Upon review of the PIP, upper management agreed with Plaintiff's contentions and required Plaintiff's supervisor to amend the PIP.

43. Plaintiff's PIP was successfully completed and closed on March 9, 2020.

44. Subsequently, Plaintiff's work experience worsened as time passed.

45. Although Plaintiff earned her full bonus based on performance, Defendant denied Plaintiff a merit-based increase for the 2020 year.

46. During this time, Plaintiff complained verbally and in writing of the discrimination and harassment she had been experiencing during her employment and no action was taken.

47. Plaintiff's interactions with management became increasingly discriminatory and affected her overall well-being.

48. Although actively voicing her concerns, Defendant failed to resolve Plaintiff's issues with the job.

49. As a result, Plaintiff was constructively discharged.

50. Plaintiff tendered her two (2) weeks-notice of resignation on June 4, 2020, because the work environment had become so bad, no reasonable person would continue to work there under those circumstances.

51. Out of fear of further retaliation, Plaintiff presented a professional letter which cited non-employment related reasons for her departure.

52. Defendant terminated Plaintiff the next day, January 5, 2020.

53. Plaintiff was qualified for her position with Defendant.

54. Plaintiff was treated differently than other Caucasian employees.

55. At the time of her resignation, Plaintiff complained to Defendant that she believed he had been treated differently than other Caucasian employees.

56. Defendant's reason for treating Plaintiff different was pretextual.

57. Plaintiff was treated differently because of her race.

## COUNT I
## RACE DISCRIMINATION UNDER TITLE VII

58. Plaintiff reincorporates and adopts all allegations contained within paragraphs 17-34; 43-44; 49-57 above, and further states:

59. Defendant discriminated against Plaintiff based on her race, African American.

60. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

8

61. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

62. Plaintiff suffered adverse employment actions by being denied pay raises and having her employment terminated.

63. Plaintiff was treated differently from similarly situated employees outside of Plaintiff's protected class.

64. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on backpay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT II
## RETLIATION UNDER TITLE VII

65.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 35-57 above, and further states:

66.     Defendant retaliated against Plaintiff because of her complaints about race discrimination.

67.     Plaintiff engaged in a protected activity by complaining of disparate treatment and/or race discrimination.

68.     Plaintiff suffered an adverse action after reporting to Defendants the unlawful conduct.

69.     Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

70.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

71.     The above-described discrimination and retaliation were done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on backpay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## RACE DISCRIMINATION IN VIOLATION OF FCRA

72. Plaintiff reincorporates and adopts all allegations contained within paragraphs 17-34; 43-44; 49-57 above, and further states:

73. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

74. Defendant discriminated against Plaintiff based on her race, African American.

75. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

76. Defendants knew or should have known of the discrimination and unlawful targeting of Plaintiff.

77. At all material times, Plaintiff was qualified to perform her job duties and did so.

78. Plaintiff suffered an adverse employment action by being terminated from her employment and being denied a pay raise.

79. Defendant treated similarly situated employees outside Plaintiff's protected class, differently.

80. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

81. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on backpay and benefits;

   c. Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Non-pecuniary damages afforded under Section 1981;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

82. Plaintiff reincorporates and adopts all allegations contained within paragraphs 35-57 above, and further states:

83. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

84. At all material times, Plaintiff was qualified to perform her job duties.

85. Defendant retaliated against Plaintiff because of her complaints about race discrimination.

86. Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendant regarding race discrimination.

87. Plaintiff suffered an adverse employment action by being terminated from her employment with Defendant.

88. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

89. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on backpay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Non-pecuniary damages afforded under Section 1981;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 25th day October, 2022.

                        Respectfully submitted,

                        ***s/Julien W. Maynard***
                        Anthony Hall, Esq.
                        FL Bar No.: 40924

Julien W. Maynard, Esq. – LEAD COUNSEL
FL Bar No.: 1035332
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: jmaynard@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***